MOORE *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

No. 41513          June 13, 1960          121 So. 2d 125

*Laurel G. Weir,* Philadelphia, for appellant.

*Shumate & Eppes,* Meridian, for appellee.

GILLESPIE, J.

This is a suit by George Moore, appellant, to recover medical payments on an automobile liability policy issued to him by State Farm Mutual Automobile Insurance Company in Louisiana. The defendant insurance company was granted a directed verdict, and upon the entry of judgment for the insurance company, Moore appealed.

The policy in question is a family automobile liability policy and was issued to appellant as the insured. It described and covered a Chevrolet automobile owned by insured. The pertinent parts of the policy are as follows:

"PART II—EXPENSES FOR MEDICAL SERVICES

"COVERAGE C—Medical payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prsthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"*Division* 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called

"Bodily injury," caused by accident, while occupying or through being struck by an automobile; * * * * * *

"*Exclusions.* This policy does not apply under Part II to bodily injury:

* * * * * *

"(b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an "owned automobile" or

* * * * * * ,,

For some two years prior to the accident later mentioned, insured was employed by Wade Tung Oil Company which owned some ten trucks. Insured drove trucks for his employer and had other duties, including operating a bulldozer, mechanical, tractor, and some carpenter work. He drove trucks for his employer two or three times a week; sometimes he would haul machinery, and sometimes he would make trips to haul tung nuts. He was not assigned any particular truck the two or three trips a week he would make driving trucks. When he was not driving trucks, he would at times work on a truck as a helper.

While the aforesaid policy was in force, and on March 8, 1959, insured drove one of his employer's truck from his place of employment at Bogalusa, Louisiana to Richton, Mississippi, for the purpose of hauling a load of tung nuts. The truck he was driving was a tractor-trailer unit and while in the trailer he slipped and fell. The injuries he received resulted in appellant incurring medical bills exceeding $500.00, the policy limit for medical payments.

The insured was the only witness and the facts stated are undisputed.

The question is whether the truck in which insured was injured was "furnished for the regular use" of insured. If it was, the insurer is not liable. The trial judge

directed a verdict for the insurer on the ground that the truck was furnished for the regular use of insured and the medical payments coverage was excluded under the clear and unambiguous terms of the exclusionary clause.

■■ ■ The medical payment coverage is extended "To or for the named insured . . . . while occupying or through being struck by an automobile. . ." If the policy had not contained an exclusion, it would be immaterial as to what automobile the insured was occupying when he sustained the injury. The exclusion expressly provides that the policy does not apply under Part II (under which medical payments coverage is afforded) if the injury is sustained while occupying an automobile (1) owned by insured (or any relative), or (2) furnished for regular use of the insured (or any relative), other than the automobile defined in the policy as an owned automobile. The insuring plan is to extend to the insured or any relative (member of household) the medical payments coverage while the insured or relative is occupying automobiles other than the one defined in the policy if the other automobile is not owned by or furnished for the regular use of the named insured or relative. This means that such protection is extended to casual or infrequent occupancy of other automobiles than the one named in the policy. It is regular double coverage that the exclusionary clause avoids. The proof clearly shows that insured's employer furnished for the regular use of insured a truck, either one of about ten, although insured did not regularly use any particular one of the fleet of ten trucks. Two or three trips a week were made by insured as driver of one of the ten trucks of his employer, and he made other trips as helper on one of the trucks. It cannot be said that insured's use of the employer's trucks was other than regular use.

■■ ■ The question narrows to this: Does the term "regular use" in the exclusionary clause refer to one specific automobile? As stated, the obvious purpose of the exclusionary clause is to limit the extension of medi-

cal payments coverage to casual or infrequent use or occupancy of automobiles other than the one defined in the policy, in this case the insured's Chevrolet. It is regular use of other automobiles that brings the exclusionary clause into operation, and if insured's employer assigns him one specific automobile for regular use or a number of automobiles, any one of which may be assigned for a particular trip, the result is the same. An automobile is furnished insured "for regular use" in either event. We know of no authority holding to the contrary. There are a number of cases involving "drive other car" clauses and exclusionary clauses excluding such extended coverage as to automobiles "furnished for regular use" of insured, including Farm Bureau Mutual Insurance Co. v. Boecher (Ohio), 48 N.E. 2d 895, and Voelker v. The Travelers Indemnity Company (7th C.C.A.), 260 F. 2d 275. In both of those cases the accident occurred while insured was driving for the first time the particular automobile involved. Other helpful authorities include Vern v. Merchants Mutual Casualty Company, 118 N.Y.S., 2d 672; Iowa Mutual Insurance Company v. Addy, 286 P. 2d 622; Milwaukee Insurance Company v. Morrill, 123 A. 2d 163; Allstate v. Hoffman, 158 N.E. 2d 428 (Ill. App.); Home Insurance Co. v. Kennedy, 152 A. 2d 115; Rodenkirk v. State Farm Mutual Automobile Insurance Co., 325 Ill. App. 421, 60 N.E. 2d 269; 173 A.L.R. 901; 5A Am. Jur., Automobile Insurance, Section 88.

In Louisiana, the State where the contract was made, the Court considered a "regular use" exclusion in Leteff v. Maryland Casualty Company, 91 So. 2d 123, and that opinion clearly indicates Louisiana would reject the coverage in the present case.

We agree with the learned trial judge that there is no ambiguity in the policy and we are of the opinion that the directed verdict for appellee was proper.

Affirmed.

*McGehee, C.J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.