163 So.2d 389 (1964)
Joseph N. BROUILLETTE, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.
No. 1120.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1964.
Rehearing Denied May 13, 1964.
Writ Refused June 30, 1964.
*390 Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellant.
Gold, Hall & Skye, by George B. Hall, Alexandria, for defendant-appellee.
Before TATE, FRUGÉ, and SAVOY, JJ.
TATE, Judge.
This suit is by an insured against his own insurer. The plaintiff insured appeals from the dismissal of his suit. At issue on this appeal is the construction and application of a policy exclusion.
The plaintiff was injured while riding on a city fire truck in the course of his duties *391 as a city fireman. He seeks to recover the medical expenses occasioned by this accident from the insurer which issued him an automobile liability policy primarily insuring his two family vehicles listed in said policy.
The plaintiff's insurer is alleged to be liable by reason of a medical payments clause contained in said policy. By this, the insurer agreed to pay medical expenses within certain limits resulting from bodily injuries received "while occupying or otherwise being struck by an automobile". It is not disputed that the plaintiff was "occupying" the fire truck at the time of the accident and that the fire truck was an "automobile" within the meaning of the policy.
The principal issue of this appeal is whether the fire truck on which the plaintiff was injured was a vehicle "furnished for" his "regular use", so that injuries sustained while occupying it are barred by the policy exclusions clause providing that the medical payments coverage did not apply "to bodily injury * * * sustained by the named insured * * * while occupying an automobile * * * furnished for the regular use of * * * the named insured * * *"
The undisputed facts show: The plaintiff fireman was injured in 1962 while riding on a fire truck. The vehicle had been maintained at the plaintiff's fire station since 1957 and was the only vehicle used at the station. Whenever there was a fire or drill, the plaintiff rode the tailboard of this fire truck as "plug man" as part of the regular duties of his employment. However, the occasion of his being required to ride the vehicle varied according to the number of fires the vehicle was required to answersometimes every day or two, sometimes as much as a month apart.
The plaintiff-appellant's able counsel contends that the exclusion provision is not applicable, under its very terms, due to the infrequency with which the plaintiff-fireman had occasion to occupy the fire truck, and due to the circumstance that it was never available for his own discretionary use or controlthat his only connection with the vehicle was to jump on it and cling to its tailboard on the relatively infrequent and irregular occasions when there was a firealarm or drill. Counsel further contends that, at any rate, the exclusion provision is ambiguous in the sense that it is reasonably susceptible to at least two interpretations with regard to the question at issue, one of which affords coverage, so that the ambiguous policy exclusion should be interpreted according to well-settled principles in favor of effectuating coverage.
As to the latter contentionthat the exclusion provision is ambiguous, the weight of authority is against the plaintiff's position. The exclusion from policy coverage of vehicles "furnished for the regular use" of a named insured (except of course for those listed as insured by the policy) has in Louisiana and elsewhere consistently been held to be an unambiguous exclusion under the ordinary meaning of the terms used, although the application of the exclusion is a question of fact, with no hard and fast rule established to determine such question, which depends upon an examination of the facts in each case according to the general criteria of the terms used.
See: Dickerson v. Millers Mut. Fire Ins. Co. of Texas, La.App. 2 Cir., 139 So.2d 785; Embody v. Le Blanc, La.App. 1 Cir., 131 So.2d 225; Sumrall v. Aetna Cas. & Surety Co., La.App. 2 Cir., 124 So.2d 168; Leteff v. Maryland Cas. Co., La.App. 1 Cir., 91 So.2d 123; Annotation, Exclusion * * * of other automobile * * * regularly used by insured * * *, 86 A.L.R. 2d 937, esp. 942, 951. (The annotation and some of the above-cited cases concern a "regular use" exclusion to the "drive-othercar" coverage, which counsel agree is similar in wording and interpretation to the medical payments "regular use" exclusion with which we are here concerned.)
*392 Reverting to the interpretation of the meaning of the exclusion from medical payments coverage of vehicles "furnished for the regular use" of the named insured, the Supreme Court of Mississippi, consonant with other authority, recently stated with regard to it that: "* * * the obvious purpose of the exclusionary clause is to limit the extension of medical payments coverage to casual or infrequent use or occupancy of automobiles other than the one defined in the policy." Moore v. State Farm Mut. Auto. Ins. Co., 239 Miss. 130, 121 So.2d 125, 127 (1960).
The question before us thus narrows to this: Was the fire truck on which the plaintiff was injured "furnished" for his "regular use", or, instead, was it so casually or infrequently occupied by him, as not to be within the intended exclusion by the clause?
The plaintiff points out, quite correctly, that his use of the fire truck was quite irregular and sporadic and reasonably infrequent, varying as it did on the number of fires.
However, the exclusion clause does not exclude from medical payments coverage merely vehicles "regularly used" by the named insured; it excludes from such coverage those vehicles "furnished" for his regular use.
The words "furnished for" connote: to provide for; to supply for; to afford for; to provide what is necessary for. See Webster's New International Dictionary, 2nd ed., 1960, verbo "furnish", p. 1021.
The words "regular use" connote: used according to some established rule or principle; a use steady or uniform in course, practice, or occurrence (as contrasted to unexplained or irrational variation); use in conformity with established or prescribed rules. Id., verbo "regular", p. 2099. See also 36A Words and Phrases (1962 volume) verbo "regular", p. 241, verbo "regular use", p. 301.
Applying the criteria listed above, we think that the fire truck was "furnished" for the plaintiff's use, in the sense that it was supplied, afforded, or provided specifically for this particular employee's use or occupancy whenever such was required for the purpose for which the vehicle was made available. It was furnished for the plaintiff's "regular" use in the sense that it was always furnished for the plaintiff's use in attending every fire that occurred while he was on duty, which thus was a use steady or uniform in practice, a use in accordance with established or prescribed rule or principle (as contrasted with being furnished for use only on casual or random or unpredictable or chance occasion). Also, although we do not understand that otherwise is contended, the plaintiff's occupying the truck's tailboard on each occasion that there was a fire constituted on each such occasion a "use" of the vehicle within the meaning of the policy, cf., Bolton v. North River Ins. Co., La.App. 1 Cir., 102 So.2d 544.
In contending otherwise, appellant quotes random expressions in the "regular use" jurisprudence applicable to the particular facts of each case where stated, and then argues that these illustrate that the present fire truck was not furnished for his regular use within the meaning of the policy. The criteria listed are not necessarily relevant to the totally-different facts of the present case, where within the ordinary meaning of language the fire truck in question was furnished for the plaintiff's regular use whenever the occasion required the use for which the truck was furnished.
Generically, the present case is quite similar to Dickerson v. Millers Mutual Fire Ins. Co., La.App. 2 Cir., 139 So.2d 785, in which the exclusion provision was held applicable as to a funeral home ambulance, which was held, within the meaning of the policy, to be regularly used by a funeral home employee because he drove it (among several similar funeral home vehicles) on the sporadic occasions when its use was required to transport patients.
*393 In summary, the conclusion we have reached is consistent with the interpretation of the medical payments "regular use" exclusion provision in Dickerson v. Millers Mut. Fire Ins. Co., La.App. 2 Cir., 139 So. 2d 785, Moore v. State Farm Mut. Auto. Ins. Co., 239 Miss. 130, 121 So.2d 125 (1960) and O'Brien v. Halifax Insurance Co., Fla. App., 141 So.2d 307 (1962). It seems to be inconsistent with the decision of the Supreme Court of Arkansas in Travelers Indemnity Co. v. Hyde, 232 Ark. 1020, 342 S. W.2d 295 (1961), the only other decision we could locate on the precise question, in which instance, however, the "regular use" exclusion was held to be ambiguous. This decision, moreover, is against the weight of authority, both of the cases previously cited in this opinion, and also of those interpreting the similar exclusion clause of the "drive-other-car" coverage discussed in the annotation at 86 A.L.R.2d 937 cited above.
Although the plaintiff's able counsel suggests certain circumstances in which, by analogy, our present holding might produce unfortunate consequences, it is sufficient to state only that we are not presently faced with a situation where a vehicle was not maintained especially for the use by the particular person injured, together perhaps with a few others similarly situated, so as perhaps not to be "furnished" for the regular use of the injured person. Our holding is of course limited only to the particular facts on the basis of which this case is decided.
For the reasons assigned, at the plaintiff-appellant's cost, we affirm the trial court judgment dismissing his suit.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.