**THAMES v. U. S. FIDELITY & GUARANTY CO.**
No. 69-250.
September 26, 1969.
Circuit Court, Leon County.

Jim L. Dye of Dye & Connor, Tallahassee, for plaintiff.

W. K. Whitfield, Tallahassee, for defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

*Final summary judgment:* This cause came on for hearing on motions for summary judgment filed by both plaintiff and defendant and upon consideration of same and the arguments of counsel, the court finds from the pleadings and stipulation of the parties as to the facts that there is no genuine issue as to any material fact and defendant is entitled to summary judgment as a matter of law.

The parties to this cause have stipulated to the facts and agreed that there appear to be no other material facts at issue or in controversy between the parties. Recovery or non-recovery by plaintiff under her automobile insurance contract is determined by the application of the stipulated facts to the definition of a "non-owned automobile" contained in the insurance policy issued to plaintiff by defendant.

Plaintiff's husband, a truck driver, was killed in a one vehicle automobile accident while driving the truck owned by his employer — hauling a load of lumber for his employer. Under plaintiff's insurance contract on her automobile she is entitled to recover for funeral expenses of her husband if the truck he was driving at the time of the accident was a "non-owned automobile." Said term is defined by the policy as follows —

> "Non-owned automobile means an automobile or trailer not owned by or furnished for the regular use of either the Named Insured or any relative, other than a temporary substitute automobile."

Under the agreed facts the decedent had been employed by John W. Dickert for one week as a truck driver and had made approx-

imately three trips for his employer in the truck he was driving when the accident occurred. He had not driven any other truck of his employer during that time. He used the truck for no purpose other than a purpose related to hauling lumber under the direction of his employer.

The ultimate question for decision is whether or not this automobile under these circumstances was furnished for the regular use of the decedent. If so, there can be no recovery on the policy; if not, plaintiff should recover.

In Moore v. State Farm Mutual Automobile Insurance Company, 121 So.2d 125, (1960) a Mississippi case with facts similar to those in the present case, the Supreme Court of Mississippi held a truck driven by insured for his employer to be an automobile furnished for regular use of the insured and denied recovery. There the insured was not assigned any one truck but two or three times a week he drove sometimes one and sometimes another of his employer's ten trucks in hauling jobs.

In another similar case which arose in South Carolina, Seaboard Fire & Marine Insurance Company v. Gibbs, 392 F.2d 793, (1968) the United States Court of Appeals, Fourth Circuit, held an employer's truck, which was operated by the insured to transport co-employees to and from work and to perform farm work, to be an automobile furnished for regular use. The truck was sometimes left with the insured overnight and on weekends but on some occasions the insured was driven home at night by his employers and on those occasions the truck was not left with him.

The only real variance between the case at bar and the two cases referred to appears to be that in both of the two cases the insured had worked for his employer for a number of years while here he had only been employed for a week. I do not consider this a material distinction, however, as the controlling question is whether or not the truck was furnished the employee *for regular use* and not how long it had been furnished before the accident occurred.

Counsel have cited no cases holding contrary to the two above cases. The obvious intent of this provision of the policy is to provide insurance coverage to the insured while he is driving an automobile other than the insured vehicle named in the policy on a casual or irregular basis. It was not the intention that he be covered while driving a vehicle furnished to him on a regular basis by his employer to use in performing the work delegated to him.

16

In consideration thereof, it is ordered and adjudged that summary final judgment be and it is hereby entered in favor of defendant, United States Fidelity and Guaranty Company, and plaintiff shall go henceforth without day.