[No. 285-40759-1.    Division One—Panel 2.    November 2, 1970.]

FEDERATED AMERICAN INSURANCE COMPANY, *Respondent,* v. JAMES HARGROVE et al., *Appellants.*

*Gordon, Honeywell, Malanca, Peterson & Johnson, Rich-*

*ard J. Jensen,* and *William N. Goodwin, Jr.,* for appellants.

*Murray, Dunham & Waitt* and *Wayne Murray,* for respondent.

WILLIAMS, J.—Appellant James Hargrove, a policeman for the city of Tacoma, also worked as a truck driver and yardman for appellant Fife Lumber Company. While driving the company pickup truck, he was involved in an accident which resulted in the death of Maximo Escalante, whose widow commenced a wrongful-death action against Hargrove and the Fife Lumber Company. Appellant Oregon Auto Insurance Company accepted the defense of the action for its assured, Fife Lumber Company; but respondent, Federated American Insurance Company, refused the tender of the defense of its assured, appellant Hargrove. Federated American Insurance Company filed a complaint for declaratory judgment, asking that it be declared free from responsibility in connection with the death of Mr. Escalante. Its motion for summary judgment was granted. The other parties appeal, contending that the policy does afford liability coverage to appellant Hargrove.

The policy provides for liability protection from claims "arising out of the ownership, maintenance or use of the owned automobile [described in the policy] or any non-owned automobile, . . ."

A nonowned automobile is defined as "an automobile . . . not owned by or furnished for the regular or frequent use of . . . the named insured . . ."

The policy further provides that it does not apply:

(g) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in . . . (2) any other business or occupation of the insured, but this exclusion (g)(2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffer or domestic servant, or a trailer used therewith or with an owned automobile.

We are satisfied from an examination of the record that

there is no question but that the truck was owned by Fife Lumber Company and was furnished for the regular and frequent use of appellant Hargrove. Since it was furnished for the regular and frequent use of the insured, the truck did not qualify as a nonowned vehicle under the conditions of the policy.

It is also apparent from the record that the truck was used by the insured while he was employed by Fife Lumber Company and so is excluded under section (g). Appellants contend that this section does not apply because of the exception thereto contained in subsection (g) (2) to the effect that the exclusion does not apply to a private passenger automobile. There are three factors which generally determine the character of a vehicle: type, ownership, and use. *Commercial Ins. Co. v. Gardner*, 233 F. Supp. 884 (E. D. S.C. 1964). The vehicle in question was a one-ton, heavy-duty pickup truck owned by a commercial enterprise and used exclusively to haul building materials. It was not a private passenger automobile.

The judgment is affirmed.

HOROWITZ, A. C. J., and FARRIS, J., concur.