[No. 3243-1.    Division One.    May 3, 1976.]

Russell Westhaver, et al, *Respondents*, v. Hawaiian Insurance & Guaranty Company, Ltd., *Appellant.*

*Lycette, Diamond & Sylvester, Edwin J. Snook,* and *John T. Petrie,* for appellant.

*Downes & Muir* and *J. Kevin Downes,* for respondents.

Swanson, J.—Hawaiian Insurance and Guaranty Company, Ltd., appeals from summary judgment awarding $4,000 to Russell and Paul Westhaver in their action for breach of insurance contract. We reverse.

The pertinent facts are not in dispute. Russell Westhaver was the named insured on a standard automobile liability policy issued by Hawaiian. The policy explicitly covered Westhaver's two automobiles, and in it Hawaiian agreed to pay the medical expenses of the named insured and each relative who sustained bodily injury while occupying an "owned" or "nonowned" automobile. An "owned automobile" was defined in the policy as one "for which a specific premium charge indicates that coverage is afforded." The policy stated that " 'nonowned automobile' means an automobile . . . not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile . . ."

On August 18, 1970, Russell Westhaver and his son Paul sustained bodily injuries while occupying a Ford van which was not described in the policy. This van was one of a fleet of trucks owned by Luke and Crews, who employed Russell Westhaver to install floor carpeting. The parties agree that Russell Westhaver drove this van on a regular basis while performing his duties as an employee of Luke and Crews and that he and his son were in fact on their way to a job assignment when the accident occurred. Westhaver's use of the van for his own benefit was infrequent. Hawaiian denied coverage to either of the Westhavers on the ground that the van was not described in the policy and was furnished for the regular use of the named insured, and this action followed.

The Westhavers' position is that the Ford van Russell Westhaver was driving at the time of the accident was not furnished for *his* regular use in any meaningful sense because he rarely used it for any purpose benefiting him. To the contrary, they say, the Ford van was furnished for the use of Luke and Crews, and Russell Westhaver was instructed to drive it. The Westhavers conclude that on these facts the exclusionary clause of the policy is inoperative, or at least ambiguous, and must be construed in favor of the insured. The trial court agreed and granted summary judgment awarding $4,000, the policy limits, to Russell and Paul Westhaver for their medical expenses.

The Westhavers' argument, though ingenious, finds no support in the cases that have considered similar insurance policy provisions. *See Bringle v. Economy Fire & Cas. Co.*, 169 N.W.2d 879 (Iowa 1969), and *Hayes v. Fireman's Fund Ins. Co.*, 170 Colo. 164, 460 P.2d 225 (1969), where identical policy language is involved with no finding of ambiguity. The obvious purpose of the exclusionary clause is to limit the extension of medical payment coverage to casual or infrequent uses or occupancy of automobiles other than those defined in the policy. In *Moore v. State Farm Mut. Auto. Ins. Co.*, 239 Miss. 130, 135, 121 So. 2d 125, 127 (1960), the court considered a similar policy provision and said,

It is regular use of other automobiles that brings the exclusionary clause into operation, and if insured's employer assigns him one specific automobile for regular use or a number of automobiles, any one of which may be assigned for a particular trip, the result is the same. An automobile is furnished insured "for regular use" in either event. We know of no authority holding to the contrary.

Likewise, in the instant case where the regular use of the van benefited Russell Westhaver's employer primarily, and Westhaver personally only incidentally, the result is the same. The exclusionary clause is directed against an increase in the quantum of use which enhances the risk without a corresponding addition to the premium. Our Supreme Court in *Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 517 P.2d 966 (1974), said at page 359 that the purpose of the "use of other automobile" clause is

(1) to prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy, and (2) to provide coverage to the insured when engaged in the infrequent use of nonowned vehicles.

*See generally* 13 G. Couch, *Cyclopedia of Insurance Law* § 45:956 (2d ed. 1965, Supp. 1975); Annot., 86 A.L.R.2d 937, 940 (1962); 7 Am. Jur. 2d *Automobile Insurance* §§ 105-06 (1963).

In a 6-to-3 decision the court in *Dairyland Ins. Co. v. Ward, supra,* determined that the "use of other automobiles" clause there involved was ambiguous and interpreted it in favor of the insured. However, "because they presented a fact pattern or problem at which the exclusionary clause was directed, . . ." the court acknowledged agreement with most of the cases cited by the dissent as upholding such an exclusionary clause against a charge of ambiguity, and it emphasized that in *Ward* "there was no regularity of usage* by a household member." *Dairyland Ins. Co. v. Ward, supra* at 360 n.1. The *Ward* court further narrowed its holding by stating,

The majority simply holds that, considering the particu-

lar factual setting involved in the instant case, the policyholder could reasonably believe his casual or infrequent use or operation of a nonowned automobile was covered by liability insurance under the "use of other automobiles" provision.

In the case at bench, the Ford van was admittedly furnished for Russell Westhaver's regular use, a fact pattern to which the exclusionary clause is clearly directed. In light of the general purpose and effect of the exclusionary provision in Hawaiian's policy, we hold that the identity of the beneficiary of such use does not alter the meaning of "furnished for the regular use of either the named insured or any relative . . ." We find no ambiguity.[1]

Reversed and remanded for entry of judgment in favor of Hawaiian Insurance and Guaranty Company, Ltd.

JAMES and CALLOW, JJ., concur.

---

[1]For a collection of cases holding identical or similarly-worded exclusionary provisions free from ambiguity, see the dissent in *Dairyland Ins. Co. v. Ward, supra* at 362-64. *See also Palmer v. Glens Falls Ins. Co.*, 58 Wn.2d 88, 360 P.2d 742 (1961); *Federated Am. Ins. Co. v. Hargrove*, 3 Wn. App. 541, 475 P.2d 912 (1970); *Brouillette v. Fireman's Fund Ins. Co.*, 163 So. 2d 389 (La. App. 1964); *Dickerson v. Millers Mut. Fire Ins. Co.*, 139 So. 2d 785 (La. App. 1962).