[No. 9099-0-III.   Division Three.   December 8, 1988.]

FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent,* v. HELEN IRENE KOEHLER, ET AL, *Appellants.*

*Timothy Mackin, Taft & Rielly, Fred Schuchart,* and *Paul Wasson,* for appellants.

*Ronald Kappelman* and *Southwell, O'Rourke, Jalbert & Kappelman,* for respondent.

GREEN, J.—Farmers Insurance Company of Washington issued an automobile insurance policy to Helen Irene Koehler covering a 1974 Ford Torino. On April 27, 1986, while driving a 1981 GMC ¾–ton pickup owned by Dale Theurer, she was involved in a collision that resulted in the death of James L. Swim II, the driver of the other vehicle. When a claim was made against her policy, Farmers filed this declaratory action to determine whether the following provision excluded coverage:

Exclusions
This coverage does not apply to:

. . .

10. Bodily injury or property damage arising out of the ownership, maintenance or use of any vehicle other than your insured car, which is owned by or furnished or *available for regular use* by you or a family member.

(Italics ours.) The trial court held the exclusion applied and there was no coverage. This appeal followed.

Three questions are presented: (1) Are the findings of fact supported by substantial evidence? (2) Was the 1981 GMC pickup "available for regular use" by Ms. Koehler? (3) Is the exclusion ambiguous?

The record and findings show that Ms. Koehler and Mr. Theurer shared a residence in Reardan. He was a long–haul truck driver and spent most of his time away from town. While he was on the road, he left his GMC pickup, which was insured by the Grange Insurance Association, parked in front of the Koehler residence. He gave Ms. Koehler a set of keys to the pickup without any restrictions upon her use of the vehicle. She drove the pickup performing errands for Mr. Theurer and also used it for some of her personal errands. Ms. Koehler had no recollection of the purpose of her use on the day of the fatal accident.

With respect to the first question, we conclude from a review of the record that the findings of fact are supported by substantial evidence. We likewise conclude with respect to the second question that the 1981 GMC pickup was "available for regular use" by Ms. Koehler and therefore

coverage for the accident was excluded under the Farmers policy.

The exclusion involved here serves two purposes: (1) To prevent an insured from receiving coverage on all household cars by merely purchasing a single policy, and (2) to provide coverage to the insured when engaged in the infrequent use of nonowned vehicles. *Grange Ins. Ass'n v. MacKenzie,* 103 Wn.2d 708, 712, 694 P.2d 1087 (1985). In *Grange,* at 712 (citing *Westhaver v. Hawaiian Ins. & Guar. Co.,* 15 Wn. App. 406, 549 P.2d 507 (1976)), the court stated:

> [I]t is the fact of regular use and not the *purpose* of that use that is the relevant issue. An insurance company's legitimate interest is in preventing an increase in the quantum of risk without a corresponding increase in the premium; the risk to the insurance company is related only to the amount of time the car is driven, not to the *reason* that car is driven.

The court in *Grange,* at 712, also observed "the purpose of these provisions is to provide coverage for isolated use without the payment of an additional premium, but to disallow the interchangeable use of other cars which are not covered by the policy."

Here, Ms. Koehler's use of the GMC pickup was unrestricted and the pickup was available for her use at any time. The findings indicate she used the pickup on the day of the accident as she had admittedly used it on prior occasions from November 1985 until April 27, 1986. She had no recollection of why she was using it on the day of the accident. It is argued that these were isolated, sporadic uses of the truck and do not constitute a regular use within the meaning of the policy. This argument misses the point. The point is that the pickup was "available for regular use" by Ms. Koehler without restriction *and* she drove it at least a dozen times during a relatively short period of time. The unrestricted availability for her use *and* her actual use of the pickup significantly increased the risk of her insurer, Farmers, without a corresponding increase in premiums.

The exclusion was designed for such situations. In these circumstances, we conclude the vehicle was within the provisions of the exclusion and no coverage is afforded her for the accident.

It is also argued that the term "regular use" is ambiguous and therefore the policy term should be construed in favor of the insured, citing *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 517 P.2d 966 (1974). We do not find *Dairyland* applicable here. As the court noted in *Dairyland,* at pages 358–59, the clause was ambiguous due to its confusing structure; *i.e.,* it was "sandwiched into the general coverage provisions" instead of being found "in the enumerated exclusionary provisions under the title or caption 'Exclusions—This policy does not apply.'" Thus, the court concluded it was unlikely a policyholder would reasonably believe his insurance coverage was so circumscribed as to preclude liability. That is not the situation in the instant case. Here, the exclusion is contained under the caption "Exclusions—This coverage does not apply to". We find no ambiguity.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.