No. 17,622.

IOWA MUTUAL INSURANCE COMPANY *v.* ELSIE ADDY.
(286 P. [2d] 622)

Decided August 2, 1955. Rehearing denied August 29, 1955.

Messrs. YEGGE, BATES, HALL & SHULENBURG, Mr. FORREST S. BLUNK, for plaintiff in error.

Mr. DUANE O. LITTELL, Mr. ROBERT W. MESCH, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

ELSIE ADDY, defendant in error, hereinafter referred to as plaintiff, on November 27, 1952, was injured in an automobile accident in which an automobile driven by her husband was involved, and which had been provided for his use as a claim adjuster by the Ohio Casualty Company. This was a Chevrolet automobile owned by the insurance company; was used daily by plaintiff's husband in his employment; and with the knowledge and consent of the company was kept at his home overnight.

Plaintiff's husband was the owner of an Oldsmobile sedan on which had been issued to him a standard automobile policy by defendant, now plaintiff in error. This policy contained the standard medical coverage provision and other usual provisions such as "Temporary substitute automobile," "Use of other automobiles," and provisions under the title "This insuring agreement does not apply."

Plaintiff on April 16, 1953, filed her complaint in damages against defendant alleging that defendant had issued to her husband a standard automobile policy covering the Oldsmobile sedan, and that on the 27th day of November, 1952, while the policy was in full force and effect, plaintiff was a passenger in the Chevrolet automobile provided for her husband in his claim-adjusting business which was involved in an accident and she was injured. Her complaint and claim is based upon provisions in the policy covering the Oldsmobile sedan which provided for coverage on temporary substitute automobile and the use of other automobiles.

Defendant company moved to dismiss the complaint for failure to state a cause of action upon which relief could be granted, which was overruled. Defendant answered, admitting the issuance of the policy; admitting the accident and medical expenses incurred by plaintiff; but denied that the automobile in which plaintiff was riding at the time of the accident was covered by the policy issued by defendant company on the Oldsmobile sedan. The issues thus made were submitted to the court without a jury, which at the conclusion of all the evidence, found the issues joined for plaintiff and entered judgment in her favor in the sum of $1,000.00, the amount provided in the policy, together with interest thereon. Review of that judgment is sought by writ of error.

The record discloses the following facts:

On the evening of November 26, 1952, plaintiff's husband returned to his home in Wheatridge from Steamboat Springs, where he had been on business for the company by which he was employed and had been using the Chevrolet automobile provided by the company. The following day, being Thanksgiving Day, plaintiff, her husband and their children were about to leave their home to attend Thanksgiving dinner at the home of friends living across the city of Denver, when plaintiff's husband observed that their Oldsmobile sedan was low on gasoline and had heavy snow chains on the tires, and he thereupon decided to use the Chevrolet, or the company car. While en route the accident occurred in which plaintiff sustained personal injuries.

November 1, 1952, defendant company issued its standard liability policy on the Oldsmobile sedan. The pertinent provision of the policy is as follows:

"Temporary substitute automobile—Under coverages A, B and C on automobile not owned by the named insured while temporarily used as a substitute for the described automobile while withdrawn from normal use

because of its breakdown, repair, servicing, loss, or destruction."

The other provisions in the policy herein mentioned are not of sufficient consequence to require discussion and we pass to the provision of the policy, namely, "This insuring agreement does not apply:"

"(b) This insuring agreement does not apply:

"(1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse;

"(2) to any automobile while used in the business or occupation of the named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, chauffeur or servant;

"(3) to any accident arising out of the operation of an automobile repair shop, public garage, sales agency, service station or public parking place; * * *."

There is little or no dispute concerning the facts. Council for defendant contended by their motion to dismiss at the conclusion of the case, that under the evidence the automobile in which plaintiff was riding at the time of the accident was one furnished her husband for his regular use and therefore expressly excluded by the provisions of paragraph V of the policy, which is as follows:

"V. Use of other automobiles. If the named insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applied with respect to any other automobile, subject to the following provisions:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unquali-

fied word 'insured' includes (1) such named insured, (2) the spouse of such individual if a resident of the same household and (3) any other person or organization legally responsible for the use by such named insured or spouse of any automobile not owned or hired by such other person or organization. Insuring Agreement III, Definition of Insured, does not apply to this insurance."

In considering this motion the trial court determined that the provision of paragraph V just quoted were ambiguous and should be strictly construed against the company as author of the policy. It is undisputed and undenied that the automobile in which plaintiff was riding was furnished her husband for his regular use in his employment. Such automobile by a provision of paragraph V (b) (1) of the policy is excluded, because the provisions are clear that the insuring agreement did not apply to any automobile "furnished for the regular use to the named insured." We find no ambiguity in this provision of the policy above set out, and, in fact, the trial court did not point out the parts of the paragraph which it determined were ambiguous.

The clear language of the paragraph relating to the other automobile expressly excludes from coverage automobiles furnished the insured for his regular use.

The trial court determined that the car in which plaintiff was injured, and being used by her husband at the time of the accident was a temporary substitute vehicle within the provisions of paragraph IV of the policy. This provision of the policy makes it clear that a temporary substitute automobile is one used by the assured temporarily when the automobile which is insured under the policy is withdrawn from its customary use because of its breakdown, repair, servicing, loss or destruction. No such situation could be made to apply here, because the only reason the Oldsmobile sedan covered by the policy was not used was because it was "low on gasoline" and had heavy snow chains on the

tires. This was not a breakdown, it was not destroyed, it was not being serviced at the time, neither was it being repaired, and the trial court's apparent conception of the situation, that because it was low on gasoline and had snow chains on the tires, that it fell within the servicing exception is too strained for acceptance. A reasonable and logical interpretation of the word "servicing" would seem to present a condition where the automobile covered by the policy was in some manner actually disabled. If it be held that the Chevrolet furnished for the regular use of plaintiff's husband was included in the "other automobile" provision of the policy, then it is tantamount to holding that for one premium the insured could have the benefit of coverage on two automobiles and the insurors risk thereby doubled. The automobile here involved was in regular use as contrary to casual or infrequent use made necessary by the conditions enumerated in the policy. That being true the exclusionary clause is made effective and should here be applied.

As to a further word on the contention concurred in by the trial court, that the language of the policy is ambiguous, we fail to see how the plain language of the policy, providing that any automobile "furnished for regular use to the named insured," is to be excluded from the insuring agreement, could be expressed in clearer terms. This was not a substitute automobile that was being used because of any condition of the automobile covered that would fall in the class enumerated under the general term of servicing. The evidence seems to indicate that the Oldsmobile sedan covered by the policy was ready to go in every sense of the word, but to be driven any distance of consequence, might require more gasoline. This being true, it does not fall within the category of conditions requiring the use of a temporary substitute automobile.

According to the view herein expressed, the judgment

208

should be, and is, reversed and the cause remanded with directions to dismiss the complaint.

MR. JUSTICE MOORE does not participate.