No. 22463.

DAYTON HAYES *v.* FIREMAN'S FUND INSURANCE COMPANY.
(460 P.2d 225)

Decided October 27, 1969.

LAURENCE A. ARDELL, for plaintiff in error.

Phelps, Fonda, Hays & Wills, Don Abram, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.*

Plaintiff in error will be referred to by name and defendant in error will be referred to as the insurance company.

■ Hayes was the owner of an automobile and prior to July 29, 1963, he had obtained an insurance policy issued by the insurance company. The policy contained a provision under which Hayes was entitled to receive reimbursement for necessary medical, surgical, X-ray and dental service and other related expenses resulting from bodily injury caused by accident. The policy covered accidental injuries sustained "while occupying a non-owned automobile" if being used with the permission of the owner. In this proceeding we are concerned with the meaning of the term "non-owned automobile" and we are called upon to determine whether, under the undisputed facts, Hayes was occupying a "non-owned automobile" at the time of an accident on July 29, 1963, which resulted in injuries to him and caused the expenditure of $1,434.80 for medical and hospital services. The definition of "non-owned automobile" which is contained in the policy issued to Hayes is as follows:

" 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative * * *."

The facts are all undisputed and are summarized as follows. Hayes testified that he was an employee of School District 60; that as such employee he was required to use a motor vehicle to go to various schools in the

---

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

district; and that on July 29, 1963, while driving a vehicle owned by the school district and carrying out his duties he was involved in an accident.

Hayes testified that Boitz, general foreman, regulated the use of School District 60 vehicles; that he (Hayes) was given general permission to use a 1951 Chevrolet four-door sedan for his regular use but that, with the permission of Boitz, other employees could use the vehicle when other cars were not available. On July 29, 1963, the 1951 Chevrolet was sent by Boitz to the School District 60 maintenance shop for repairs; therefore on that date, and at the direction of Boitz, Hayes used a School District 60 1952 Chevrolet pickup. Dayton Hayes, after receiving the permission of Boitz, would use this 1952 pickup when he would have something to deliver or something that would not fit in his 1951 Chevrolet. Further, he would use different School District 60 vehicles when the 1951 Chevrolet was broken down or if he had need of a different type of vehicle.

It was stipulated by and between the parties that the medical expenses incurred were in the sum of $1,434.80. The case was submitted to a jury and a verdict returned in favor of the plaintiff in the sum of $1,424.80. Defendant filed a Motion for Judgment Non Obstante Verdicto and a Motion for New Trial and the court granted the motion for judgment and denied the motion for new trial. From judgment granting defendant's Motion Notwithstanding the Verdict, the plaintiff brings error.

 If the automobile in which Hayes was seated at the time of the accident was one which was "furnished for the regular use" of Hayes, then under the exclusionary provision of his insurance policy he is not entitled to recover. It is his position, however, that the only automobile furnished by the employer for his "regular use" was the 1951 Chevrolet four-door sedan which was out of service on the day of the accident. He argues that the substituted vehicle which actually was part of a fleet of cars serving the needs of the School District employer

was only occasionally supplied to him and for that reason the exclusionary clause is inapplicable.

In *Iowa Mutual Insurance Co. v. Addy*, 132 Colo. 202, 286 P.2d 622, concerning the phrase "furnished for regular use of the named insured," this court said that,

"* * * we fail to see how the plain language of the policy, providing that any automobile 'furnished for regular use to the named insured' is to be excluded from the insuring agreement, could be expressed in clearer terms."

In that case this court further said:

"We find no ambiguity in this provision of the policy above set out, and, in fact, the trial court did not point out the parts of the paragraph which it determined were ambiguous. The clear language of the paragraph relating to the other automobile expressly excludes from coverage automobiles furnished the insured for his regular use."

In *Addy, supra*, the exclusionary clause was held to apply and the complaint was ordered dismissed. This court held that to determine otherwise would be "tantamount to holding that for one premium the insured could have the benefit of coverage on two automobiles and the insurer's risk thereby doubled. * * *" The quoted language is applicable to the instant case.

Typical of other cases holding to the same effect is *Moore v. State Farm Mutual Automobile Insurance Co.*, 239 Miss. 130, 121 S.2d 125, from which we quote the following:

"The question narrows to this. Does the term 'regular use' in the exclusionary clause, refer to one specific automobile? As stated, the obvious purpose of the exclusionary clause is to limit the extension of medical payments coverage to casual or infrequent use or occupancy of automobiles other than the one defined in the policy, in this case the insured's Chevrolet. *It is regular use of other automobiles that brings the exclusionary clause into operation, and if the assured's employer assigns him one specific automobile for regular use or a number of automobiles, any one of which may*

*be assigned for a particular trip, the result is the same.* An automobile is furnished insured 'for regular use' in either event. We know of no authority holding to the contrary. There are a number of cases involving driver of the car clauses and exclusionary clauses excluding such extended coverage as to automobiles 'furnished for regular use' of insured, including Farm Bureau Mutual Automobile Insurance Co. vs. Boecher, (Ohio) 48 NE2d 895, 896, and Voelker vs. Travelers Indemnity Co., 260 F2d 275 (7th Cir.). In both of these cases the accident occurred while insured was driving for the first time the particular automobile involved. * * * We agree with the learned Trial Judge that there was no ambiguity in the policy and we are of the opinion that the directed verdict for the appellee was proper. *Id.* p. 127" (Emphasis added.)

The trial court did not err in granting the motion for judgment notwithstanding the verdict.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.