662 S.E.2d 606

ZURICH AMERICAN INSURANCE COMPANY, Respondent,

v.

Tony Fitzgerald TOLBERT and Tonesha Tolbert, Appellants.

No. 4382.

Court of Appeals of South Carolina.

Heard March 5, 2008.

Decided May 2, 2008.

Rehearing Denied July 7, 2008.

494

Matthew Christian, of Greenville, for Appellants.

J.R. Murphy and Jeffrey C. Kull, both of Columbia, for Respondent.

HEARN, C.J.

Tony Fitzgerald Tolbert (Tolbert) and Tonesha Tolbert (collectively Appellants) appeal the circuit court's grant of summary judgment to Zurich American Insurance Company in this declaratory judgment action to determine Appellants' entitlement to Underinsured Motorist (UIM) Coverage. We affirm in part, reverse in part, and remand.

## FACTS

Tolbert is an employee of BMW Manufacturing in Greer, South Carolina. As a part of a lease program for BMW employees, Tolbert leased a 2003 BMW 325. BMW contracted with Zurich to provide business automobile insurance to its employees through its insurance policy (Policy), which, in addition to liability insurance, contained two endorsements providing UIM coverage to the leasing employees in certain circumstances.

On a Saturday in 2003, Tolbert picked up his son from a friend's house in Greenwood, South Carolina. At the time, Tolbert was driving a 1989 Honda Accord registered and titled in his name, instead of the BMW he was leasing from his employer. The Honda was insured under a policy with Southern United Fire Insurance Company purchased by Tolbert;

however, Tolbert had chosen to reject UIM coverage under the Honda policy. On the return trip from Greenwood to Greenville, South Carolina, Tolbert was involved in an accident caused by William Humbert. Tolbert was severely injured, and missed nearly eleven months of work, while accumulating over $136,000 in medical expenses. In a separate proceeding, Tolbert settled with Humbert for the minimum liability limits of $15,000 Humbert carried on his automobile.

Thereafter, Zurich filed this declaratory judgment action against Appellants, seeking a determination that Tolbert did not qualify as an insured for the purposes of UIM coverage under the Policy. Both parties filed motions for summary judgment, and a hearing was scheduled shortly thereafter. At the hearing, Appellants argued that, in addition to being a Class I insured under the Policy, they were entitled to UIM coverage because two separate, included endorsements extended coverage beyond the Policy. Appellants maintained one of the endorsements purportedly made the Honda a temporary substitute of the leased BMW, and thus qualified Appellants for coverage. In support of this assertion, Appellants submitted an affidavit stating the leased BMW was inoperable at the time of the accident because it was in need of servicing.

The circuit court granted Zurich's motion for summary judgment, holding the plain language of the Policy explicitly excluded the portability of UIM coverage in the circumstances of the accident. Appellants filed a Rule 59(e), SCRCP, motion for reconsideration, which was denied. This appeal followed.

## STANDARD OF REVIEW

██ When reviewing the grant of a summary judgment motion, this court applies the same standard of review as the trial court under Rule 56, SCRCP. *Cowburn v. Leventis*, 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct.App.2005). Summary judgment is proper when no issue exists as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. To determine whether any triable issues of fact exist, the reviewing court must consider the evidence and all reasonable inferences in the light

most favorable to the non-moving party. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).

## LAW/ANALYSIS

### I. Tolbert as a Class I Insured

 Appellants first contend Tolbert was a named or Class I insured[1] under the Policy. We believe the circuit court correctly determined he was not.

The "Common Policy Declaration" page supplies the named insured to be used throughout the entire Policy, and provides only BMW of North America, LLC, in the given space. Below this provision, when given the opportunity to describe the named insured, the "Corporation" box is checked. Furthermore, on the "Business Auto Coverage Form" page, the Policy provides: "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations. The words 'we', 'us' and 'our' refer to the Company providing this insurance." We therefore find Tolbert was neither a named insured nor a Class I insured of BMW's basic Policy. *See Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 511, 498 S.E.2d 865, 867 (1998) (adopting the majority view that a corporation cannot have a spouse or family members that qualify as Class I insureds).

### II. Policy in Conflict With Insurance Laws of South Carolina

██ Appellants next contend Zurich's exclusion of UIM coverage is in conflict with the insurance laws of South Carolina. We disagree.

Appellants maintain UIM coverage cannot be retracted once offered and accepted, and that UIM is personal and portable at all times. To this end, Appellants rely principally on our court's opinion in *Burgess v. Nationwide Mutual Insurance Company*, which was subsequently reversed. 361 S.C. 196,

---

1. The two classes of insureds are: (1) the named insured, his spouse, and relatives residing in his household; and (2) any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle. *Garris v. Cincinnati*, 280 S.C. 149, 156, 311 S.E.2d 723, 727 (1984).

603 S.E.2d 861 (Ct.App.2004), *rev'd* 373 S.C. 37, 644 S.E.2d 40 (2007). *Burgess* is a case similar to the one before us, where an insured was injured in a motorcycle accident while operating a motorcycle which he owned, but on which he carried no UIM coverage. The policy at issue in *Burgess* restricted UIM coverage, allowing it to be excess coverage if the vehicle involved in the accident was one owned by the insured, but limited it to the amount of UIM coverage the insured carried on the vehicle involved. The supreme court distinguished voluntary UIM coverage, from Uninsured Motorist (UM) coverage, which is a mandatory part of all automobile insurance policies. *See* S.C.Code Ann. § 38–77–150 (2002). While the *Burgess* court agreed with our court's determination that UIM coverage is personal and portable, the supreme court expressly held "public policy is not offended by an automobile insurance policy provision which limits the portability of basic 'at-home' UIM coverage when the insured has a vehicle involved in the accident." *Burgess*, 373 S.C. at 42, 644 S.E.2d at 43.

The Policy in the case before us differs from the policy at issue in *Burgess*, because here, the basic Policy completely eliminates UIM coverage from Zurich if the vehicle involved in the accident is owned by the insured. Rather, it is the two separate endorsements discussed below which would under certain circumstances provide UIM coverage to BMW employees leasing under the program. Nevertheless, the analysis under *Burgess* remains the same. Tolbert was driving his own vehicle on which he had the ability to decide whether to purchase voluntary UIM coverage. Tolbert made the decision not to obtain UIM coverage when he insured the Honda. As a result, we hold the Policy's limitation on UIM coverage portability neither offends public policy, nor is in conflict with the insurance laws of South Carolina.

### III. Coverage Under the Endorsements

Finally, Appellants contend the circuit court erred in failing to find two separate endorsements contained within the Policy extended UIM coverage to Tolbert.

### A. Drive Other Car Coverage Endorsement

Appellants first maintain the endorsement entitled "Drive Other Car Coverage—Broadened Coverage for Named

Individuals" (DOCC) extended UIM coverage under the Policy to Tolbert. As its name indicates, the DOCC endorsement provides for certain extensions of coverage from the basic Policy; specifically, the schedule provides that "[a]ny employee furnished with a company car" is entitled to a limit of one million dollars of UIM coverage. However, the Policy specifically excludes the type of coverage Appellants seek in a qualification contained in the following DOCC endorsement, Section C:

> Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverages The following is added to Who is An Insured:
>
> Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:
>
> Any "auto" owned by that individual or by any "family member."

Appellants maintain this qualification cannot restrict the endorsement extension of UIM coverage to Tolbert without adding several operable words that are not included in a responsible reading of Section C. We disagree, and hold that Section C is neither vague nor open to multiple interpretations, and expressly excludes Tolbert from recovering UIM in the very situation that occurred.

Given the express instructions listed above from the Business Auto Coverage Form, the only tenable reading of this provision is that: any individual named in any schedule (Tolbert) and his or her family members are insured while occupying ... any auto you (BMW) don't own except: any auto owned by that individual (Tolbert) or by any family member (of Tolbert). Essentially Section C allows for the portability of UM and UIM coverages to Tolbert in any accident in which he is a passenger or a pedestrian, except accidents involving an auto owned by Tolbert or one of his family members. Because Tolbert was driving a vehicle that he owned at the time of the accident, Section C prohibits him from recovering UIM coverage under this endorsement. Accordingly, the circuit court did not err in granting Zurich's motion for summary judgment as to this issue.

## B. South Carolina Underinsured Motorists Coverage Endorsement

Appellants next maintain a second endorsement, entitled "South Carolina Underinsured Motorists Coverage," (SC UIM) also extends UIM coverage under the Policy to Tolbert. This endorsement provides for the payment of UIM coverage to "insured[s]" when involved in an accident and continues to define who is an insured according to whether the named insured is designated in the Declarations as: (1) an individual; or (2) a partnership, limited liability company, corporation, or any other form or organization. As discussed above, the named insured designated in the "Common Policy Declaration" page is BMW of North America, LLC. Accordingly, section (B)(2) of this endorsement applies. This subsection provides:

B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

Appellants contend the Honda qualified as a temporary substitute for the covered BMW because the BMW needed of servicing at the time of the accident. In support of this claim, Appellants tendered an affidavit to the court stating "[t]he reason that [Tolbert was driving] the [Honda] ... was due to the fact that the BMW was in need of service and an oil change and could not be driven." [2]

---

**2.** The circuit court's order granting Zurich's motion for summary judgment failed to address Appellants' affidavit. *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000) (stating if a party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review). Despite Appellants raising this issue in a Rule 59(e) motion, the circuit court did not rule on it. Therefore, the issue is preserved for our review. *Pye v. Estate of Fox,* 369 S.C. 555, 566, 633 S.E.2d 505, 510 (2006) (finding once an issue

Zurich contends Appellants' Honda could not serve as a temporary substitute to the BMW because as an owned vehicle of Appellants, there was nothing temporary in the nature of Tolbert's use of it. *See Nationwide Mut. Ins. Co. v. Douglas*, 273 S.C. 243, 255 S.E.2d 828 (1979) (finding the use of an alleged substitute automobile must be temporary in order for coverage under a substitution provision to be extended). However, unlike the DOCC endorsement, nothing in the SC UIM endorsement excludes an owned vehicle from being a temporary substitute under proper circumstances. Moreover, we do not find Douglas controlling. There, a husband purchased his wife a Pontiac he knew was stolen, replacing an Oldsmobile which had UIM coverage. She thereupon began driving the "hot" automobile as her primary vehicle. Subsequently, wife was killed in an accident while driving the stolen Pontiac. In an action to determine whether the deceased was entitled to the benefit of UIM coverage from the Oldsmobile, the supreme court held the Pontiac could not qualify as a temporary substitute. In Douglas, there was no allegation, as here, that the Oldsmobile was out of service. Instead, we find the facts of this case more similar to those of *Foremost Insurance Company v. Motorists Mutual Insurance Company*, where the Ohio court found that under a similar employer's insurance provision, an employee's owned motorcycle could serve as a temporary substitute to employer's out of service automobile. 167 Ohio App.3d 198, 854 N.E.2d 552 (2006).

While Appellants will bear the ultimate burden at trial of proving the BMW was out of service due to its breakdown, repair, servicing, loss, or destruction, at this stage of the litigation, we find Appellants' affidavit creates a genuine issue of material fact in that regard, sufficient to survive Zurich's motion for summary judgment. *See Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 59, 518 S.E.2d 301, 305 (Ct.App.1999) (stating "[s]ummary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law"); *Hall v. Fedor*, 349 S.C. 169, 173–74, 561 S.E.2d 654, 656 (Ct.App.2002) (find-

has been properly raised by a Rule 59(e) motion, it is preserved, and a second motion is not required if the court does not specifically rule on the issue raised).

ing "[e]ven when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied").

## CONCLUSION

We hold the grant of summary judgment was proper as to Tolbert's status as an insured, the Policy's adherence to the insurance laws of this state, and the DOCC endorsement. However, Appellants' affidavit in support of the Honda's use as a temporary substitute for the BMW at the time of the accident created a genuine issue of fact, sufficient to survive Zurich's motion for summary judgment on the SC UIM endorsement. The decision of the circuit court is accordingly

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

PIEPER, J., and KONDUROS, J., concur.