692 S.E.2d 523

**ZURICH AMERICAN INSURANCE COMPANY, Petitioner,**

v.

**Tony Fitzgerald TOLBERT and Tonesha Tolbert, Respondents.**

**No. 26798.**

Supreme Court of South Carolina.

Heard Jan. 7, 2010.

Decided April 12, 2010.

J.R. Murphy and Ashley B. Stratton, both of Murphy & Grantland, of Columbia, for Petitioner.

Matthew Christian, of Christian Moorhead & Davis, of Greenville, for Respondents.

Justice PLEICONES.

We granted certiorari to consider a Court of Appeals decision reversing a circuit court order which granted petitioner (Zurich) summary judgment in this declaratory judgment action to determine respondents' entitlement to Underinsured Motorist (UIM) coverage. *Zurich Am. Ins. Co. v. Tolbert,* 378 S.C. 493, 662 S.E.2d 606 (Ct.App.2008). We affirm.

### FACTS

Respondent Tony Tolbert (Tolbert) owned a Honda Accord, and leased a BMW through his employer. He rejected UIM coverage on the Honda, but the BMW was insured by BMW of North America, LLC through Zurich, under a policy which had UIM coverage. Tolbert had an accident while driving the Honda on a personal errand. After he and his wife (together respondents) settled their suit against the other driver involved in the accident, they sought to recover UIM benefits under the BMW/Zurich policy.

Zurich brought this declaratory judgment action, and filed a summary judgment motion alleging there was no coverage under the policy's "Drive Other Car" endorsement. Respondents opposed Zurich's motion, and alleged in their cross-motion for summary judgment that the Zurich policy applied pursuant to a "temporary substitute" endorsement because, at the time of the accident, the Honda qualified as a "temporary substitute" for the BMW. In support of respondents' summary judgment motion, Tolbert provided an affidavit in which he stated, "The reason I drove the [Honda] and not the BMW ... was due to the fact that the BMW was in need of service and an oil change and could not be driven."

The circuit court granted Zurich's summary judgment motion and denied respondents' motion. On appeal, the Court of Appeals agreed that there was no coverage under the "Drive Other Car" endorsement, but found a genuine question of material fact such that summary judgment was improper under the "temporary substitute" vehicle endorsement found in the "South Carolina Underinsured Motorist Coverage" (SCUIM) provision of the Zurich policy, and reversed.

### ISSUE

Did the Court of Appeals err in reversing the circuit court order granting summary judgment to Zurich?

### ANALYSIS

■ The SCUIM endorsement defines who is an UIM insured for purposes of automobiles principally garaged in South Carolina as:

**B. Who is an Insured**

If the Named Insured designated in the Declaration is:

. . . .

    2. A . . . corporation, then the following are "insureds:"

        a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

■ Summary judgment should be denied where the non-moving party submits a mere scintilla of evidence. *Hancock v. Mid–South Mgmt. Co., Inc.*, 381 S.C. 326, 673 S.E.2d 801 (2009). In our view, respondents presented a scintilla of evidence through Tolbert's affidavit, sufficient to withstand summary judgment, that there may be coverage under the SCUIM endorsement.

■ Tolbert averred, "The reason I drove the 1989 Honda Accord and not the BMW . . ." was because it needed service. This averment is some evidence that once the BMW was back in service, Tolbert intended to resume driving it, i.e., that he was driving the Honda as a temporary substitute. In this same sentence, Tolbert averred that the BMW "was in need of service and an oil change and could not be driven." In our view, this averment constitutes the scintilla of evidence necessary to withstand summary judgment on the question whether the "covered "auto" [was] out of service because of its . . . servicing . . . ." and thus covered by the SCUIM endorsement. Unlike the dissent, we do not view the terms used in this provision as requiring that the covered automobile be "actually disabled," but rather that it be "out of service" due to one of five enumerated reasons. Here, the affidavit states the BMW "could not be driven" because, among other reasons,[1] it "was in need of service." Under the SCUIM, a person occupying the temporary substitute automobile is an insured if the covered auto is "out of service because of its . . . servicing . . . ." Tolbert's affidavit satisfied the scintilla standard, and

---

1. As we read the affidavit, the BMW was in need of both an oil change and a service, unlike the cars in both *State Farm Mut. Auto. Ins. Co. v. O'Brien*, 14 Cal.3d 96, 120 Cal.Rptr. 692, 534 P.2d 388 (1975) and *Iowa Mut. Ins. Co. v. Addy*, 132 Colo. 202, 286 P.2d 622 (1955) which needed only more gasoline in order to be driven.

thus the Court of Appeals correctly reversed the order granting Zurich summary judgment. *Hancock, supra.*

## CONCLUSION

The decision of the Court of Appeals reversing the grant of summary judgment to Zurich is

**AFFIRMED.**

BEATTY, J. and Acting Justice JAMES E. MOORE, concur.

TOAL, C.J., dissenting in a separate opinion in which KITTREDGE, J., concurs in Section I only.

Chief Justice TOAL.

I respectfully dissent from the majority's opinion and would reverse the court of appeals' decision finding Tony Tolbert and Tonesha Tolbert's (Respondents) affidavit creates a genuine issue of material fact sufficient to survive Zurich American Insurance Company's (Petitioner) motion for summary judgment.

Tony Tolbert (Tolbert), a BMW employee, leased a 2003 BMW 325(BMW) as part of a lease program for BMW employees. Petitioner issued a business automobile insurance policy (Policy) to BMW which provided underinsured (UIM) coverage to the leasing employees in certain circumstances.

On a Saturday in 2003, Tolbert picked up his son in Greenwood, South Carolina. Tolbert was driving a 1989 Honda Accord (Honda) registered and titled in his name, instead of the leased BMW. The Honda was insured, but Tolbert chose to reject UIM coverage under the Honda policy. On the return trip from Greenwood to Greenville, Tolbert was involved in an accident caused by William Humbert (Humbert). Tolbert was injured, but settled with Humbert for the minimum liability limits of $15,000 Humbert carried on his automobile.

Petitioner filed this declaratory judgment action against Respondents seeking a determination on several different grounds that Tolbert did not qualify as an insured for purposes of UIM coverage under the Policy. Both parties filed

motions for summary judgment, and a hearing was scheduled at the circuit court. At the hearing, Respondents argued the Honda was a temporary substitute for the leased BMW, and thus qualified Respondents for UIM coverage under a Policy endorsement. In support of their argument, Respondents submitted an affidavit stating the reason Tolbert was driving the Honda instead of the BMW was because the BMW was "in need of service and an oil change and could not be driven." The circuit court granted Petitioner's motion for summary judgment. The court of appeals reversed and held Respondents' affidavit created a genuine issue of material fact as to whether Tolbert's Honda qualified as a temporary substitute for the covered BMW. *Zurich American Ins. Co. v. Tolbert*, 378 S.C. 493, 501, 662 S.E.2d 606, 610 (Ct.App.2008).

## I. The Honda Was Not a Temporary Substitute

The UIM policy provision upon which Respondents rely states:

B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

This Court addressed a temporary substitute clause in *Nationwide Mutual Insurance Co. v. Douglas*, 273 S.C. 243, 255 S.E.2d 828 (1979). We noted that "in order for coverage to be extended under a substitution provision, the use of the alleged substitute automobile must be Temporary." *Douglas*, 273 S.C. at 246, 255 S.E.2d at 830. In *Douglas*, the Court found the automobile alleged to be a temporary substitute for the covered automobile was not a temporary substitute because "[t]he record is barren of any evidence that she was using the Pontiac temporarily." *Id.*

In this case, there is no evidence in the record that Tolbert was using the Honda temporarily. Indeed, there was nothing

temporary about Tolbert's use of the Honda he was driving at the time of the accident. The Honda was registered and titled in Tolbert's name and was available for Tolbert's use at any time. Similar to the vehicles in *Douglas,* both the Honda and BMW were intended for Tolbert's continued use until he chose to dispose of them. There is no evidence the Honda was being used temporarily or as a substitute for the BMW at the time of the accident. Thus, the court of appeals should be reversed.

## II. The BMW Was Not "Out of Service"

Moreover, even if the Honda were being used as a temporary substitute, the policy language also requires the covered automobile to be "be out of service because of its breakdown, repair, servicing, 'loss' or destruction." In this case, the only possibility for coverage would be if the car was deemed to be out of service due to servicing.

Other courts have held that routine auto service does not sufficiently remove a vehicle from service to trigger temporary substitute auto coverage. *See State Farm Mut. Auto. Ins. Co. v. O'Brien,* 14 Cal.3d 96, 120 Cal.Rptr. 692, 534 P.2d 388 (1975) (holding the fact that the insured vehicle was low on gas did not allow for another vehicle to qualify as a temporary substitute); *Iowa Mut. Ins. Co. v. Addy,* 132 Colo. 202, 286 P.2d 622, 624 (1955) (finding when an insured vehicle was low on fuel and had snow tires on it was insufficient for another vehicle to qualify as a temporary substitute because "[a] reasonable and logical interpretation of the word 'servicing' would seem to present a condition where the automobile covered by the policy was in some manner actually disabled."). In my view, alleging that an oil change and service are needed is not sufficient to trigger UIM coverage under the policy language. Similar to the *O'Brien* case where the covered vehicle needed gas, Respondents' affidavit alleges that the BMW needed an oil change. There was no evidence that the BMW was actually disabled. I would find that merely needing an oil change and service does not constitute a car being out of service for the purpose of UIM coverage under this policy.

To conclude, in my opinion, the Honda fails to be a temporary substitute for the BMW for two reasons: (1) there is no evidence in the record to show that Tolbert's use of the Honda

was temporary or that it was being used as a substitute for the BMW at the time of the accident; and (2) even if the Honda were being used as a temporary substitute, it was not out of service for the purpose of UIM coverage. Thus, I would reverse the court of appeals and affirm the trial court's decision to grant Petitioner's motion for summary judgment.

KITTREDGE, J., concurs in Section I only.