697 S.E.2d 660

**Richard MURR, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.**

No. 4709.

Court of Appeals of South Carolina.

Heard April 13, 2010.

Decided July 7, 2010.

---

Donald Leverette Allen, of Anderson, for Appellant.

Raymond Allen Tate, Jr., of Anderson, for Respondent.

LOCKEMY, J.·

In this appeal, Richard Murr argues the circuit court erred in granting Nationwide Mutual Insurance Company's (Carrier) motion for summary judgment. Specifically, Murr maintains he was entitled to liability coverage under the "temporary substitute" provision of his policy with Carrier. We reverse and remand.

## FACTS

Carrier denied Murr coverage after he was involved in an accident on May 27, 2006. Thereafter, Murr initiated a declaratory judgment action to determine whether he was covered under his policy with Carrier. The facts of the accident are not in dispute.

Murr suffered injuries when riding as a passenger in his stepson's Saturn. Murr's wife, Elaine Murr (Wife) was driving the Saturn and negligently turned left into the path of an oncoming vehicle. Murr's stepson, Redgel Eugene Lawrence, lived with the Murrs when the accident occurred. At the time of the accident, the Murrs' vehicle, a 1998 Pontiac Bonneville, was inoperable. Murr sought to extend the liability coverage on his Pontiac to the accident because the Saturn's liability insurance was tendered in full. Murr's insurance policy on the Pontiac provided liability coverage for "temporary substi-

tute" vehicles in the event the insured vehicle became inoperable.

Depositions of the Murrs indicated the Pontiac became inoperable four months prior to the accident when the battery died and the motor exhibited problems. As a result, Lawrence furnished the Murrs with the Saturn, and he purchased a Jeep for himself. According to Wife, she and Lawrence made the car payments on the Saturn, and Lawrence added Wife to the Saturn's insurance policy. After Lawrence purchased the Jeep and before the accident, he drove the Jeep exclusively and Wife drove the Saturn exclusively. At the time of the accident, the Murrs were in the process of moving. When they finished moving, five months later, they left the Pontiac in a fenced area at their former residence. Later that month, when Murr returned to retrieve the Pontiac, to "continue the process of getting it fixed," Murr discovered the vehicle had been stolen.

After Murr filed his declaratory judgment motion, both Carrier and Murr moved for summary judgment. After a hearing, the circuit court granted Carrier's motion. Ultimately, the circuit court found the Pontiac's insurance policy could not act as excess liability coverage because the Saturn was not a "temporary substitute." This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Moseley,* 327 S.C. 144, 146, 488 S.E.2d 862, 863–64 (1997). In ruling on a motion for summary judgment, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party. *Id.* Rule 56(c) of the South Carolina Rules of Civil Procedure provides that summary judgment is proper when no issue of any material fact exists and the moving party is entitled to a judgment as a matter of law.

## LAW/ANALYSIS

Murr argues the circuit court erred in granting Carrier's summary judgment motion because he and Wife were using the Saturn as a temporary substitute. We agree.

Murr maintains his policy with Carrier provides coverage when he is using other motor vehicles because of "a) breakdown; b) repair; c) servicing; or d) loss" of his automobile. Murr argues that his policy does not define "temporary," and the lack of a definition creates an ambiguity in the policy. Thus, the meaning of "temporary substitute" was a genuine issue as to a material fact under the insurance policy. Murr argues the circuit court erred in ruling he had no intention of repairing the Pontiac. Specifically, Murr maintains a genuine issue of material fact exists as to whether Murr had the intention to make the necessary repairs to the Pontiac. We agree with Murr and find a jury issue was created regarding whether the Murrs intended to repair the Pontiac.

Recently, our supreme court addressed a similar "temporary substitute" issue in *Zurich American Insurance Company v. Tolbert*, 387 S.C. 280, 692 S.E.2d 523 (2010). There, Tolbert was involved in an accident while driving a Honda that he owned. 387 S.C. at 282–83, 692 S.E.2d at 524. However, at the time of the accident, he was leasing a BMW from his employer. 387 S.C. at 280–82, 692 S.E.2d at 523. Tolbert and his wife sought underinsured motorist coverage (UIM) on the BMW under its "temporary substitute" provision. 387 S.C. at 282–83, 692 S.E.2d at 524. In his affidavit, Tolbert reasoned he was driving his Honda instead of the BMW at the time of the accident because the BMW needed servicing and an oil change. *Id.*

Zurich brought a declaratory judgment action to determine if coverage existed. *Id.* Both Zurich and Tolbert moved for summary judgment. *Id.* There, the circuit court granted Zurich's motion, denying Tolbert UIM coverage. *Id.* This court reversed and found there was a genuine question of material fact under the "temporary substitute" vehicle endorsement. *Id.* Our supreme court affirmed the ruling and reasoned Tolbert's statement from his affidavit "constituted the scintilla of evidence necessary to withstand summary judgment. . . ." 387 S.C. at 283–84, 692 S.E.2d at 524–25.

We find *Zurich* controlling. As a result, Murr's statements in his deposition constitute the scintilla of evidence needed to survive a summary judgment motion. There, Murr characterized the Pontiac's inoperability as temporary. Further, he

stated when he discovered the Pontiac was stolen, he was retrieving it to continue the repair process. Therefore, we find Murr's testimony presents a genuine issue of material fact. The factual question of whether the Murrs' use of the Saturn was for a temporary period until the Pontiac was repaired or whether the Murrs permanently substituted the Saturn for the inoperable Pontiac should have been submitted to the jury. Therefore, we hold the circuit court erred in granting Carrier's motion for summary judgment.

## CONCLUSION

Accordingly, the circuit court's grant of summary judgment is **REVERSED AND REMANDED.**

SHORT and WILLIAMS, JJ., concur.