THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mary K. Hadwin Respondent,
 v
 Ocean Air Repair & Construction, Inc. and David Warren Linker Appellant.
 
 
 

Appeal From Charleston County
  Thomas L. Hughston, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-044 
 Submitted October 1, 2010  Filed February
2, 2011

REVERSED

 
 
 
 D. Mark Stokes, of North Charleston, for Appellant.
 Paul E. Tinkler, and Joshua P. Stokes, of Charleston, for
 Respondent.
 
 
 

PER CURIAM:  Mary Hadwin brought suit against Ocean
 Air Repair and Construction, Inc., (Ocean) and David W. Linker, for breach of
 contract, and a violation of section 33-14-101(4) of the South Carolina Code (2006),
 as well as an attempt to pierce Ocean's corporate veil.  The trial court
 granted partial summary judgment in Hadwin's favor for $455,559.00.  We
 reverse.[1]   
FACTS
Linker
 incorporated Ocean in 1999.  He employed Hadwin, his mother-in-law, as a
 bookkeeper.  Between April 2001 and March 2004, Hadwin wrote approximately forty
 checks to Ocean, in various amounts, totaling $358,450.  From June 2001 to May
 2006, Ocean wrote a series of checks to Hadwin for a total amount of $119,150.  
 In
 2008, Hadwin brought this action, alleging her payments to Ocean were loans,
 and demanding repayment.  Ocean denied the allegations, asserting as defenses:
 (1) the payments were investments, (2) the statute of limitations, and (3) the statute
 of frauds.  
 The
 trial court granted partial summary judgment for Hadwin, finding: (1) the
 payments made by Hadwin to Ocean were loans, not investments; and therefore,
 Hadwin was entitled to repayment; (2) Ocean's affirmative defense of the statute
 of frauds failed as a matter of law, and (3) Ocean's affirmative defense of the
 statute of limitations failed as a matter of law.  Ocean appeals.  
STANDARD OF
 REVIEW
When reviewing a grant of summary
 judgment, this court applies the same standard as the trial court, and summary
 judgment shall be proper when there exists no issue of material fact and the
 moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP. 
 In making this determination the evidence and all reasonable inferences
 therefrom must be viewed in the light most favorable to the non-moving party.  Law
 v. S.C. Dep't of Corrs., 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006). 
 Summary judgment is a drastic remedy, "[t]he purpose of [which] is to
 expedite the disposition of cases which do not require the services of a fact
 finder." Singleton v. Sherer, 377 S.C. 185, 198, 659 S.E.2d 196,
 203 (Ct. App. 2008) (internal quotations omitted).  To overcome summary
 judgment in cases applying the preponderance of the evidence burden of proof,
 the non-moving party need only present a scintilla of evidence creating a
 genuine issue of material fact.  Zurich Am. Ins. Co. v. Tolbert, 387
 S.C. 280, 283, 692 S.E.2d 523, 524 (2010); Hancock v. Mid-South Mgmt. Co., 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).  
LAW/ANALYSIS
Ocean argues the trial court erred, as a
 matter of law, in granting summary judgment.[2] 
 We agree.
In this case, the trial court ruled:

 Defendants allege that the payments into
 the account were not loans, but instead were investments by Plaintiff [(Hadwin)]
 in the company.  However, the affidavit for Defendant David Warren Linker . . .
 in opposition to the motion indicated that these deposits were
 "advances."  An advance is a loan.  See RIM Assocs. v.
 Blackwell, 359 S.C. 170, 182, 597 S.E.2d 152, 159 (Ct. App. 2004). 
 Moreover, Defendant Linker reveals in his affidavit that he intended to
 reorganize the corporation to grant stock to Plaintiff.  There is no indication
 in the affidavit, however, that stock was ever issued.  Accordingly, a finder
 of fact could come to no other conclusion than the deposits Plaintiff made into
 the corporate account were loans and not investments of equity.  It thus
 appears that Plaintiff is entitled to summary judgment on the issue.   

In
 his affidavit, Linker stated; "at times the company needed infusions of
 cash which the Plaintiff advanced to the company strictly as an
 investment in the business." (emphasis added)  Ocean maintains the trial
 court looked at this term in isolation rather than in context, asserting that
 the evidence shows a disputed issue of material fact as to whether the payments
 to Ocean were intended as a loan or investments.  
Generally,
 courts are bound by a duty to interpret words and terms in context, rather than
 in isolation.  See, e.g., Jackson v. Charleston School Board, 316
 S.C. 177, 181, 447 S.E.2d 859, 861 (1994) (recognizing that when interpreting a
 statute, a court should view the language in context, not in isolation); Shultz
 v. Barr, 186 S.C. 498, 502, 196 S.E. 177, 179 (1938) (pointing out that
 when interpreting terms in a will, words must be construed in the context of
 how they are used rather than in isolation); State Accident Fund v. S.C.
 Second Injury Fund, 388 S.C. 67, 75, 639 S.E.2d 441, 445 (Ct. App. 2010)
 (indicating that when interpreting the terms of a contract the "court must
 examine the entire contract" not merely certain phrases in isolation). 
 Thus, to the extent a trial court relies on a term in isolation, it fails to
 view the evidence in the light most favorable to the non-moving party.
Further,
 when a motion for summary judgment is made and properly supported, the
 non-moving party "may not rest upon the mere allegations or denials of his
 pleadings, but his response, by affidavits . . . must set forth specific facts
 showing that there is a genuine issue for trial."  Rule 56(e), SCRCP
 (emphasis added).  
Hadwin asserts that Linker's affidavit
 provided no more evidence than that supplied in Ocean's answer; thus, Ocean
 failed to meet its burden.  While we must agree that the burden is on Ocean to
 rebut Hadwin's evidence, Ocean's position is premised upon an oral agreement.  Evidence
 of this oral agreement was presented by way of an affidavit.    
In
 the case at bar, Ocean presented evidence by way of Linker's affidavit,
 creating a dispute as to the parties' intentions and understanding.  Based on
 our standard of review, when the evidence is viewed in the light most favorable
 to Ocean, it raises an issue of fact sufficient to overcome summary judgment.  
CONCLUSION
For
 the foregoing reasons, the trial court's grant of partial summary judgment is 
REVERSED.
SHORT, THOMAS, and LOCKEMY, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.  
[2] Ocean does not challenge the trial court's ruling on
 the defenses of statute of frauds and statute of limitations; therefore, the
 only issue on appeal is whether the trial court erred in finding the payments
 were loans as a matter of law and in granting summary judgment.